IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JAMES TYRONE CARMICHAEL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | NO. 7:25-cv-00074-WLS-ALS |
| | : | |
| **WARDEN PHILIP HALL,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

Plaintiff James Tyrone Carmichael an inmate in Valdosta State Prison in Valdosta, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff, however, has not paid the filing fee or moved for leave to proceed *in forma pauperis* in this action. Therefore, Plaintiff is **ORDERED** to either pay the $405.00 filing fee or submit a properly completed motion to proceed *in forma pauperis* if he wants to proceed with this case. Plaintiff must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Additionally, Plaintiff must recast his complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a short and plain statement showing that he is entitled to relief. Complaints that violate this rule are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir.

2015). Shotgun pleadings include, as relevant here, complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" complaints that do not separate each cause of action into a different count; and complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322-23.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" which "waste scarce judicial resources." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). A district courts may dismiss a complaint as a shotgun pleading under its "inherent authority to control its docket and ensure prompt resolution of lawsuits." *Weiland*, 792 F.3d at 1320. Before a complaint is dismissed based solely on it being a shotgun pleading, however, the court generally must give a litigant an opportunity to fix the deficiencies. *Vibe Micro*, 878 F.3d at 1295.

Here, Plaintiff's complaint is 180 pages long and names approximately 225 defendants. *See generally* ECF No. 1. Moreover, Plaintiff's allegations cover a period of more than 20 years and involve events taking place in 16 prisons, jails, and courts.[1] *Id.* at 35-37. And Plaintiff's statement of facts is not a concise set of allegations explaining what has happened that he believes violated his rights. *See id.* at 35-132. To the contrary, it is a meandering laundry list of complaints that jumps around in time and includes

---

[1] Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims. *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)). Thus, claims that accrued more than two years before Plaintiff filed this complaint are likely barred by the statute of limitations.

"conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1322-23.

Thus, Plaintiff's complaint is a quintessential shotgun pleading, and he must recast it if he wants to proceed with this action. In recasting the complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case. Plaintiff should be aware that Rule 20(a)(2) of the Federal Rules of Civil Procedure permits joinder of defendants only when the right to relief asserted against them arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Thus, Plaintiff may only raise claims against multiple defendants if the claims against those defendants are related, as defined by Rule 20.

In the statement of claims, Plaintiff must clearly and concisely explain what each individual defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant will be subject to dismissal. To that end, it is recommended that, when drafting his statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

3

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?  If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.  If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim.  *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim.  Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint.  This is not, however, an invitation to include all of the claims that Plaintiff believes he has together in this same case.  As mentioned above, Plaintiff may only raise claims that are related, as defined by Fed. Rule Civ. P. 20. **Plaintiff is not to attach more than ten (10) pages of factual allegations to his complaint.**  He is also not to include any other attachments to his complaint.

Therefore, as set forth above, Plaintiff is **ORDERED** to either pay the $405.00 filing fee for this case or file a proper and complete motion to proceed *in forma pauperis*.  Additionally, Plaintiff is **ORDERED** to file a recast complaint that complies with the

instructions set forth in this order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to comply. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The Clerk is **DIRECTED** to forward Plaintiff a motion to proceed *in forma pauperis* with the appropriate accompanying documents and a blank 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on all). There will be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 31st day of July, 2025.

/s ***ALFREDA L. SHEPPARD***
UNITED STATES MAGISTRATE JUDGE