IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES TYRONE CARMICHAEL, | : |
| Plaintiff, | : |
| V. | : NO. 7:25-cv-00074-WLS-ALS |
| WARDEN PHILIP HALL, *et al.*, | : |
| Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff James Tyrone Carmichael, an inmate in Valdosta State Prison in Valdosta, Georgia, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Thereafter, Plaintiff was ordered to recast his complaint and either pay the $405.00 filing fee for his complaint or submit a properly completed motion to proceed *in forma pauperis*. ECF No. 3. Plaintiff was given fourteen days to comply and was cautioned that his failure to do so may result in the dismissal of this case. *Id.* at 5.

More than fourteen days passed after that order was entered, during which Plaintiff did not pay the filing fee, move for leave to proceed *in forma pauperis*, file a recast complaint, or otherwise respond to the Court's order. As a result, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to comply with the order to recast his complaint and either pay the filing fee or move for leave to proceed *in forma pauperis*. ECF No. 4. Plaintiff was given fourteen days to respond

and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.*

After the order to show cause was entered, Plaintiff filed two letters to the Court. ECF Nos. 5 & 6. The first asks why an order Plaintiff received said "James T. Carmichael v. Philip Hall" instead of "James T. Carmichael v. Ralph Shropshire."[1] ECF No. 5. This letter is in no way responsive to the order to recast and address the filing fee or to the order to show cause. *See id.*

The second letter acknowledges the order to recast but does not follow any of the instructions for recasting the complaint. *See generally* ECF No. 6. In the letter, Plaintiff continues to make vague and sweeping generalized allegations of a long-running conspiracy to harm him, and he asks the Court to investigate his claims.[2] *Id.* at 4. Plaintiff does not provide any specific factual allegations to support his claims nor does he limit his claims to those within the statute of limitations or to those that are properly joined under Fed. R. Civ. P. 20.[3] Thus, Plaintiff has not complied with the order to recast his complaint.

---

[1] Although Ralph Shropshire was listed as the first defendant in the caption of Plaintiff's complaint, ECF No. 1 at 1, Philip Hall was the first defendant listed in response to the question asking Plaintiff to identify each defendant in the lawsuit. *Id.* at 8. Thus, Hall is the first defendant listed on the docket sheet. Ralph Shropshire is also listed as a defendant on the docket.

[2] It is not the Court's role to investigate claims made by plaintiff's but to resolve cases or controversies that are before the Court.

[3] Plaintiff also includes claims that appear to be frivolous or outlandish. In particular, Plaintiff alleges that "some officials are using telepathy mind control technology" on him. ECF No. 6 at 4. He asks the Court to find out which officials are using this technology. *Id.*

2

Moreover, Plaintiff has not complied with the order to either pay the filing fee or move for leave to proceed *in forma pauperis*, nor has he even addressed that portion of the order. A prisoner seeking to initiate a case in this Court must either pay the filing fee for his case or move for leave to proceed *in forma pauperis*. Plaintiff did not do either, and he has not responded to the portion of the order to show cause requiring him to address the filing fee issue.

Accordingly, the complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's orders. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 26th day of January, 2026.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT